UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA LEWEY, CDCR #AW-6878,<br><br>                      Plaintiff,<br><br>     vs.<br><br>JULIE ADAMS, et al.,<br><br>                      Defendants. | Case No.  3:16-cv-00263-JLS (JMA)<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND § 1915A(b)(1) AND FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDER REQUIRING AMENDMENT** |

Presently before the Court is Plaintiff Joshua Lewey's civil rights action pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)  Plaintiff is currently incarcerated at Pilot Rock Conservation Camp 15 ("PRCC") in Crestline, California, proceeding pro se, and filed the instant action on February 1, 2016.  (*See* Compl. 1–2.)

**I.    Procedural Background**

At the time Plaintiff filed his Complaint, Plaintiff did not prepay the $400 filing fee mandated by 28 U.S.C. § 1914(a); instead, he filed a Motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

/ / /

/ / /

On May 9, 2016 the Court granted Plaintiff leave to proceed IFP, but dismissed his Complaint for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). (ECF No. 4). The Court also granted Plaintiff forty-five days in which to file an Amended Complaint addressing the pleading deficiencies identified by the Court. (*Id.*); *see Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured.") (citations omitted).

On March 23, 2016 Plaintiff filed a Notice of Change of Address (ECF No. 5) indicating he had been transferred from the Sierra Conservation Center in Jamestown, California to PRCC. On July 1, 2016—not yet having filed an amended complaint—Plaintiff filed a Motion for Extension of Time in which to file an amended complaint (ECF No. 7).

On July 21, 2016 the Court granted Plaintiff's Motion for Extension of Time, giving him an additional month to file his Amended Complaint (ECF No. 8). Plaintiff was explicitly cautioned that should he fail to amend within the time granted the Court would enter a final order dismissing his case based both on his previous failure to state a claim and his failure to prosecute. (*Id.* at 3 (citing *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action."))); *see also Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum—either by amending the complaint or by indicating to the court that it will not do so—is properly met with the sanction of a Rule 41(b) dismissal.").

More than two months have passed since the Court's August 22, 2016 deadline, but Plaintiff has yet to file an amended complaint or any additional request for an extension of time.

/ / /

/ / /

## II. Conclusion and Order

Given the foregoing, the Court **DISMISSES** this civil action in its entirety without further leave to amend based on Plaintiff's failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and his failure to prosecute pursuant to Fed. R. Civ. P. 41(b) in compliance with the Court's May 9, 2016 and July 21, 2016 Orders.

The Court further **DIRECTS** the Clerk to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED.**

Dated:  November 8, 2016

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge